county jail, in which, under pretence of this void process, defendant C. M. Leitner was actually incarcerated before the execution of the bond.—Only the 4th ground was insisted upon in the brief of counsel for the plaintiffs in error.

A. C. WRIGHT, for plaintiffs in error.

J. G. & D. H. CLARK, *contra*.

---

VICKERY *v.* THE CENTRAL RAILROAD & BANKING COMPANY.

It does not affirmatively appear that the trial court erred in granting a second new trial.                     *Judgment affirmed.*

May 25, 1892.

New trial. Railroads. Damages. Negligence. Before Judge HARDEN. City court of Savannah. November term, 1891.

Action by Vickery against the railroad company for damages. He was employed by that company as a watchman at a crossing. He was sitting on a pile of rocks at the crossing, five or six feet from the track, with his head about on a level with the cylinder of a passing locomotive. The cylinder-cocks were suddenly opened, blowing off steam and causing cinders which were lying on the ground to fly, one being forcibly blown into his ear. He was not, though he could have been, seen by the engineer, and he could have seen the engine approaching for quite a distance. He was thrown down and rendered partly unconscious for a short time. Afterwards he endured much suffering, and according to the testimony in his behalf he was permanently injured, being partly paralyzed, and his hearing and eyesight being seriously affected. He was thirty years old at the time of the injury, and earned $1.40 per day. The first trial resulted in a verdict in his favor for $2,500. A new trial was granted, on which the jury found for him

$6,000. The defendant again moved for a new trial, on the grounds that the verdict was contrary to law and evidence, and was excessive; and that the court should have granted a nonsuit on its motion. The judge granted another new trial, stating that he did not believe the plaintiff was entitled to recover, but if so, the verdict, in his judgment, was not excessive, provided the plaintiff's condition was as bad as his appearance indicated and was the result of an accident for which the defendant was responsible. The plaintiff excepted.

O'CONNOR & O'BYRNE, for plaintiff.

LAWTON & CUNNINGHAM, for defendant.

***

GAINES et al. v. THE STATE (two cases).

In each of these cases, the evidence warranted the verdict, and the court did not err in overruling the motion for a new trial.

May 25, 1892.                                    Judgment affirmed.

Criminal law. Burglary. Before Judge MADDOX. Floyd superior court. March term, 1892.

Two joint indictments for burglary were found against J. B. Gaines, J. R. Gaines and W. L. Michael. One of them charged the defendants with burglarizing the storehouse of one Foster on November 11, 1891, and carrying therefrom six suits of clothing, six pairs of shoes, four dozen handkerchiefs, two hundred and fifty cigars, two dozen pocket knives, six bolts of calico and six bolts of checks. The other charged the defendants with burglarizing the storehouse of Story Bros. on November 20, 1891, and carrying therefrom one can of lard, six pairs of shoes, one barrel of flour, fifty cents in money, one bolt of cotton checks and one box of tobacco, of the value of $25. In each case J. B. Gaines pleaded guilty, and claimed that neither of the other defendants had any